UNITED STATES DISTRICT COURT

Northern District of California

MAXIM REALTY AND LOANS, INC.,

        Plaintiff,
  v.

MALOU RIVERA,

        Defendant.
_____/

No. C 12-0401 MEJ

**ORDER FOR CLERK OF COURT TO REASSIGN CASE**

**REPORT & RECOMMENDATION**

      On January 25, 2012, Defendant Malou Rivera removed this unlawful detainer action from Fremont County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant Malou Rivera to show cause why this case should not be remanded to the Fremont County Superior Court. The Court ordered Defendant to file a declaration by February 16, 2012. Defendant, however, has failed to respond. Based on this procedural history, the Court finds it appropriate to remand this case. As Defendant has not consented to magistrate jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to Fremont County Superior Court. The March 1, 2012 order to show cause hearing is VACATED.

      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566. Further, a district court must remand the case to

state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. Moreover, the burden of overcoming the "strong presumption" against removal is always on the defendant. *Id.*

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Further, even if Defendant were to allege diversity jurisdiction, Plaintiff brought this action in California, as the property at issue is located in the state. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b). Moreover, the amount in controversy requirement does not appear to be met because Plaintiff's damages claim is under $10,000. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. Thus, as jurisdiction appears to be lacking, and Defendant failed to respond to the order to show cause, the Court finds that he has failed to meet his burden of demonstrating grounds for jurisdiction over Plaintiff's single claim for unlawful detainer brought pursuant to California law. Accordingly, the undersigned finds that this case should be remanded.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED & RECOMMENDED.**

Dated: February 17, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT<br>
FOR THE<br>
NORTHERN DISTRICT OF CALIFORNIA

MAXIM REALTY AND LOANS, INC.,

          Plaintiff,

  v.

MALOU RIVERA,

          Defendant.
                                  /

Case Number: CV12-0401 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malou Rivera
3328 Red Cedar Terrace
Fremont, CA 94536

Dated: February 17, 2012

                                        Richard W. Wieking, Clerk
                                        By: Brenda Tolbert, Deputy Clerk